IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 11–CR-30217-NJR |
| JAMES COTTON, | ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Hardship for Restitution (Doc. 8) filed by Defendant James Cotton, in which he asks the Court to adjust his restitution payment schedule.

Cotton was convicted of aggravated identity theft and misuse of a social security number and sentenced in the United States District Court for the Eastern District of Missouri on June 6, 2008 (Doc. 2-2). As part of his sentence, Cotton was ordered to pay $200 per month toward his criminal monetary penalties (Doc. 2-2, p. 6). The case was transferred here for purposes of supervision on November 30, 2011 (Doc. 1). It was originally assigned to the Honorable G. Patrick Murphy, who has since retired. On June 7, 2018, the case was transferred to the undersigned (Doc. 7).

In his motion, filed on July 26, 2018, Cotton seeks to adjust his restitution payment schedule to $100 per month, instead of $200 per month. In support of the motion, Cotton argues that he cannot meet this payment schedule, citing the fact that he has disabilities

and is homeless and unemployed.

On August 3, 2018, the Government filed a response to Cotton's motion (*See* Doc. 9). The Government argues that Cotton has failed to demonstrate that his current circumstances represent a material change from the circumstances at the time his sentence was imposed. The Government points out that, until very recently, Cotton owned a 2016 Cadillac XTS, but traded it in for a Camaro after the Court issued a writ of execution, but before it could be executed by the United States Marshal. In addition, the Government points out that Cotton settled a workers' compensation claim earlier this year for $125,000.

District courts only have limited power to reconsider sentences after they have been imposed; they may revisit such sentences only when statutes or rules allow. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). 18 U.S.C. § 3664(k) allows modification of a restitution order if a defendant demonstrates that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and that the defendant's current economic conditions warrant such an adjustment, as the interests of justice require. 18 U.S.C. § 3664(k). Section 3664(k) does not allow for a reduction or elimination of the total restitution obligation. *See United States v. Lallemand*, 207 F. App'x 665, 667 (7th Cir. 2006) (18 U.S.C. § 3664(k) "authorizes adjustment, but not termination, of a restitution payment schedule . . ."); *United States v. Peterson*, No. 04-CR-2016, 2010 WL 1286927, at *1 (E.D. Wis. Mar. 30, 2010) (18 U.S.C. § 3664(k) "provides no authority to rescind or reduce a restitution order . . . .").

Based on the record provided, the Court finds there is insufficient evidence to conclude there is a *material change* in Cotton's economic circumstances that warrants an adjustment to his payment schedule. *See United States v. Hill*, 205 F.3d 1342 at *1 (6th Cir. Sept. 28, 1999) (affirming district court's denial of motion to defer payment of restitution, since the defendant "did not attach any proof regarding his financial status or current income to the motion."); *Watzke v. United States*, No. 05-C-0525, CRIM. 04-CR-10, 2006 WL 801020, at *N. 2 (E.D. Wisc. Mar. 29, 2006) (noting that the defendant presented "no evidence of a material change in his economic circumstances supporting a change.").

Finally, the Court notes that there is no indication Cotton formally notified the Attorney General that his financial circumstances have changed. Pursuant to 18 U.S.C. § 3664(k) "defendant shall notify the court and the Attorney General of any material change," and the "Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may . . . adjust the payment schedule." 18 U.S.C. § 3664(k).

Accordingly, the Court **DENIES** Defendant Cotton's Motion for Hardship for Restitution (Doc. 8).

**IT IS SO ORDERED.**

**DATED: August 7, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**